IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-19-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WALTER ALLEN NORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

On November 13, 2012, pursuant to a written plea agreement, Walter Allen Norman

("Norman") pleaded guilty to conspiracy to distribute and possess with intent to distribute 5

kilograms or more of cocaine and 28 grams or more of cocaine base (crack) (count one), and

possession of a firearm in furtherance of a drug trafficking crime (count four). See [D.E. 33, 35].

On February 20, 2013, the court held Norman's sentencing hearing. See [D.E. 44, 45]. At the

hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See

Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Norman's total offense level to be 42, his

criminal history category to be V, and his advisory guideline range to be 360 months' to life

imprisonment on count one, and 60 months' consecutive imprisonment on count four. See [D.E. 46]

1. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all

relevant factors under 18 U.S.C. § 3553(a), the court sentenced Norman to be 216 months'

imprisonment on count one, and 60 months' consecutive imprisonment on count four. See [D.E. 44,

45]. Norman did not appeal.

On June 6, 2016, Norman moved for a sentence reduction under 18 U.S.C. § 3582(c)(2),

U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 98]. On April 13, 2017, Norman filed a second

motion for a sentence reduction. See [D.E. 102]. On May 11, 2018, the government responded in

opposition and correctly explained why Norman is not eligible for a sentence reduction. Norman's term of imprisonment was not based on a sentencing range that the Sentencing Commission subsequently lowered. See [D.E. 107] 3–5. Thus, the court denies Norman's motion.

Alternatively, even if the court has discretion under Amendment 782 to reduce Norman's sentence, it declines to do so. Cf. Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). Norman engaged in serious criminal behavior over a long period of time involving a large quantity of illegal narcotics and firearms. See PSR ¶¶ 10–14. Moreover, Norman is a violent recidivist and has convictions for breaking and entering (two counts), resisting a public officer (two counts), possession with intent to sell and deliver of cocaine (three counts), possession of a firearm by a felon (two counts), simple assault, and possession of a schedule II controlled substance. See PSR ¶¶ 19–31. Norman also has performed poorly on supervision and essentially has no work history. See id. ¶¶ 19, 20, 22, 29, 49–56. Nonetheless, Norman has taken some positive steps while incarcerated on his federal sentence. See [D.E. 98-1]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Norman received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C.

2

§ 3553(a). Further reducing Norman's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Norman's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Norman's motions for reduction of sentence [D.E. 98, 102].

SO ORDERED. This 6 day of August 2018.

JAMES C. DEVER III
Chief United States District Judge

3