IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-19-D
No. 2:20-CV-42-D

| | |
|---|---|
| WALTER ALLEN NORMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On November 20, 2013, this court sentenced Walter Allen Norman ("Norman" or "petitioner") to 216 months' imprisonment for conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 28 grams or more of cocaine base (crack) (count one) and 60 months' consecutive imprisonment for possession of a firearm in furtherance of a drug-trafficking crime (count four). See [D.E. 44, 45]. On March 30, 2015, the court reduced the 216-month sentence to 162 months and the 60-month consecutive sentence to a 50-month consecutive sentence. See [D.E. 83]. On June 23 and 25, 2020, Norman moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and consecutive 50-month sentence for possession of a firearm in furtherance of a drug trafficking crime [D.E. 142, 144].

On September 17, 2020, the court stayed the action pending additional appellate proceedings in United States v. Gary, 954 F.3d 194 (4th Cir. 2020). See [D.E. 152]. On August 16, 2021, after the Supreme Court reversed Gary in Greer v. United States, 141 S. Ct. 2090 (2021), the court lifted the stay and directed the government to respond to the motion on or before August 27, 2021 [D.E. 168]. On August 27, 2021, the government moved to dismiss Norman's section 2255 motion [D.E.

169] and filed a memorandum in support [D.E. 170]. On September 22, 2021, Norman responded in opposition [D.E. 172]. As explained below, the court grants the government's motion to dismiss and dismisses Norman's section 2255 motion.

I.

While investigating narcotics distribution in Perquimans County, North Carolina, the North Carolina Alcohol Law Enforcement Division ("ALE") and other law enforcement agencies identified Norman as a gang leader and long-time, high-volume narcotics distributor in Hertford, North Carolina. See Presentence Investigation Report ("PSR") [D.E. 40] ¶ 10, 13–14. On February 1, 2012, ALE executed a search warrant on Norman's residence and vehicles and found numerous items, including crack cocaine, cocaine, marijuana, $6,000 in U.S. currency, digital scales, four firearms (including one stolen firearm), and ammunition. See id. ¶ 10. The officers also searched Norman and discovered approximately 5 grams of marijuana and $1,680 in United States currency. See id. Based on the investigation, Norman was responsible for distributing 19 kilograms of cocaine, 7.9 kilograms of crack cocaine, and 5 grams of marijuana. See id. ¶ 14.

On November 13, 2012, pursuant to a written plea agreement, Norman pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 28 grams or more of cocaine base (crack) (count one) and possession of a firearm in furtherance of a drug trafficking crime (count four). See [D.E. 33, 35]. Pursuant to the plea agreement, the government agreed to dismiss the two additional counts against Norman in the indictment: possession with intent to distribute cocaine base and cocaine (count three) and possession of a firearm by a convicted felon (count five). See [D.E. 1, 35]. Count four charged that Norman possessed the firearm in furtherance of the drug-trafficking crime alleged in count three. See [D.E. 1, 35].

2

On February 20, 2013, the court held Norman's sentencing hearing. See [D.E. 44, 45]. At the hearing, the court adopted the facts set forth in the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Norman's total offense level to be 42, his criminal history category to be V, and his advisory guideline range to be 360 months' to life imprisonment on count one and 60 months' consecutive imprisonment on count four. See [D.E. 46] 1. After granting the government's motion for a downward departure and thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Norman to 216 months' imprisonment on count one and 60 months' consecutive imprisonment on count four. See [D.E. 44, 45]. On March 30, 2015, the court reduced Norman's sentence from 276 months' imprisonment to 212 months' imprisonment (i.e., 162 months on count one and 50 months on count four to run consecutively). See [D.E. 83]. Thereafter, Norman filed additional motions concerning his sentence, which the court denied. See [D.E. 87, 94, 98, 102, 114, 118, 125, 126, 147].

Norman contends the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), invalidates his section 924(c) conviction on count four. See [D.E. 142] 4, 12; [D.E. 144] 4, 12. The government disagrees and argues that Norman's motion is untimely,[1] procedurally defaulted, and barred by the collateral-attack waiver provision in his plea agreement. See [D.E. 170] 6–8.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency.

---

[1] Norman's motion is timely under 28 U.S.C. § 2255(f)(3). The Supreme Court decided Davis on June 24, 2019. See Davis, 139 S. Ct. at 2319. Davis announced "a new substantive rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court." In re Thomas, 988 F.3d 783, 790 (4th Cir. 2021). Norman filed his section 2255 motion on June 23, 2020, within one year of the Supreme Court's decision in Davis. See [D.E. 142] 1, 12. Accordingly, Norman's motion is timely.

3

See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

In Davis, the Court held that Congress's definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. See Davis, 139 S. Ct. at 2327–36. Likewise, in Johnson v. United States, the Court held that Congress's definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague. See Johnson v. United States, 576 U.S. 591, 593–606 (2015). Here, the plea agreement predicated Norman's section 924(c) conviction on a drug-trafficking crime, not a "crime of violence." See [D.E. 35] 5. Thus, Davis and Johnson do not help Norman. Moreover, that the government dismissed the underlying predicate drug-trafficking crime in count three does not alter this conclusion in light of Norman's guilty plea, the plea agreement, and

4

the factual basis for the guilty plea. See United States v. Johnson, 13 F.4th 348, 350 (4th Cir. 2021); United States v. Crawley, 2 F.4th 257, 264 (4th Cir. 2021), pet. cert. docketed, No. 21-6361 (U.S. Nov. 19, 2021).

Alternatively, Norman procedurally defaulted his claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Norman from presenting his claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621–22 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); Sanders, 247 F.3d at 144. Furthermore, Norman has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

Alternatively, Norman's plea agreement contains a collateral-attack waiver. See [D.E. 35] ¶ 2(c). In the waiver, Norman agreed

> to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Norman's Rule 11 proceeding, the collateral-attack waiver is enforceable. See [D.E. 33]; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Norman's claim falls within the collateral-attack waiver. Accordingly, the waiver bars the claim.

5

After reviewing the claim presented in Norman's motion, the court finds that reasonable jurists would not find the court's treatment of Norman's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 169], DISMISSES petitioner's section 2255 motion [D.E. 142, 144], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 9 day of December, 2021.

JAMES C. DEVER III
United States District Judge